IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 13, 2017

## CLAUDALE RENALDO ARMSTRONG v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 16-CR-130-PCR, 16-CR-132-PCR, 16-CR-133-PCR    Franklin L. Russell,**
**Judge**

———————————————————

**No. M2016-02539-CCA-R3-PC**

———————————————————

The Petitioner, Claudale Renaldo Armstrong, appeals the post-conviction court's denial of his petition for post-conviction relief in which he challenged his conviction for the sale of 0.5 grams or more of a Schedule II Controlled Substance, his conviction for the sale of less than 0.5 grams of a Schedule II Controlled Substance, and his effective sentence of twenty-six years in the Department of Correction. On appeal, the Petitioner contends that trial counsel rendered ineffective assistance by failing to file a motion seeking recusal of the trial judge after the Petitioner filed a federal lawsuit and complaints with the Board of Professional Responsibility and the Board of Judicial Conduct against the judge. Upon reviewing the record and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Taylor E. Brandon, Lewisburg, Tennessee, for the appellant, Claudale Renaldo Armstrong.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Robert J. Carter, District Attorney General; and Weakley Edward Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

.

This appeal arises from two separate drug transactions between the Petitioner and a confidential informant. In case numbers 12-CR-170 and 12-CR-172, the Petitioner was indicted for the sale of 0.5 grams or more of cocaine base; delivery of 0.5 grams or more of cocaine base; sale of less than 0.5 grams of cocaine; and delivery of less than 0.5 grams of cocaine. These cases were consolidated for a jury trial, in which the jury found the Petitioner guilty of all four counts as charged. A summary of the evidence presented at trial is included in this court's opinion on direct appeal. *See State v. Claudale Renaldo Armstrong*, No. M2014-01041-CCA-R3-CD, 2015 WL 1947024, at *1-4 (Tenn. Crim. App. Apr. 30, 2015), *perm. app. denied* (Aug. 14, 2015).

At a subsequent sentencing hearing, the trial court merged the alternative counts into two convictions and sentenced the Petitioner as a Range II, multiple offender to eighteen years and eight years for each respective transaction. The sentences were aligned consecutively for an effective term of twenty-six years' imprisonment. The convictions and sentences were affirmed on appeal in this court, and permission to appeal was denied by the Tennessee Supreme Court on August 14, 2015. *See id.*

The Petitioner also entered a guilty plea in a separate case, case number 12-CR-173. Although the indictment is not included in the record on post-conviction appeal, the Presentence Report in the record on direct appeal of the jury trial stated that Petitioner was charged in case 12-CR-173 with the sale of over 0.5 grams of cocaine and the delivery of over 0.5 grams of cocaine. According to the State's Response to the Petition for Post-Conviction Relief and the post-conviction court's order, the Petitioner's guilty plea was entered on June 3, 2014. No judgment form is included in the record.

The Petitioner filed a pro se petition for post-conviction relief in which he alleged that his trial counsel was ineffective at trial. The post-conviction court held a hearing on the petition and entered an order denying relief. Because this appeal involves only the claim of ineffective assistance of counsel based on trial counsel's failure to file a motion to recuse, we summarize the evidence presented during the hearing relevant only to this issue.

At the post-conviction evidentiary hearing, the Petitioner testified that he filed a federal lawsuit against the trial judge while his case was still pending. The Petitioner stated that after the Petitioner's trial, the federal court dismissed his suit because judges are immune from monetary damages and instructed him to contact the Court of Criminal Appeals. The Petitioner also testified that he submitted complaints against the trial judge with the Board of Professional Responsibility and the Board of Judicial Conduct. Both boards dismissed the complaints and recommended the Petitioner contact the Court of Criminal Appeals. The Petitioner did not testify as to what claims he raised against the judge in either the federal suit or the complaints.

The trial judge also presided over the post-conviction evidentiary hearing. At the evidentiary hearing, the trial judge stated on the record that he was never aware of any federal suit and was never served with any process. He also stated that he was never required to respond to either of the complaints filed with the Board of Professional Responsibility or the Board of Judicial Conduct.

Trial counsel testified at the evidentiary hearing that it was possible he discussed the Petitioner's federal suit and complaints with the Petitioner prior to his trial, but that he could not be certain of the timing of any discussions. Trial counsel did confirm, however, that after the Petitioner's trial, trial counsel received a letter from the Petitioner regarding the suit and complaints against the trial judge. Trial counsel responded in a letter to explain why trial counsel did not believe a motion to recuse the trial judge was necessary. This letter was read into the record. In his letter, trial counsel stated that he believed it was fairly common for criminal defendants to file suits or complaints against judges and that judges are used to these types of complaints. Trial counsel noted that if recusal based on the filing of judicial complaints were mandatory, then defendants could simply file complaints in an effort to find the most favorable forum.

Trial counsel also testified that federal lawsuits have been previously filed against trial counsel without his knowledge since the suits are dismissed before any process is served. Trial counsel stated that he was familiar with this situation, and thus, did not believe there was any need to file a motion to recuse the trial judge presiding over the Petitioner's cases. Furthermore, trial counsel testified that even if the judge had been aware of the federal suit and complaints before the Petitioner's trial, trial counsel did not believe the pending suit and complaints would bias the trial judge. Trial counsel was not certain as to what the claims in the suit and complaints were, but believed they may have involved the setting of bond for the Petitioner.

Following the hearing, the post-conviction court entered an order denying the Petitioner's post-conviction petition, finding that trial counsel was not deficient in any of the bases raised by the Petitioner. The post-conviction court found that the proof at the evidentiary hearing did not adequately show that a motion to recuse would have been granted or that a recusal would have changed the outcome of the Petitioner's case had it been granted. In its written memorandum, the post-conviction court noted that frivolous judicial complaints are routinely filed and dismissed without requiring the judge to file a response and that the filing of such complaints appears to be a part of an effort to forum shop.

## ANALYSIS

The Petitioner maintains that trial counsel was ineffective by not seeking the recusal of the trial judge after the Petitioner filed a federal lawsuit and complaints with the Boards of Judicial Conduct and Professional Responsibility against the trial judge. The State responds that the Petitioner has failed to meet his burden. We agree with the State.

To be granted post-conviction relief, a petitioner must establish that his conviction or sentence is void or voidable due to the abridgement of any constitutional right. T.C.A. § 40-30-103. The petitioner has the burden of proving the allegations of fact by clear and convincing evidence. *Id.* § 40-30-110(f); *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009). "'Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" *Grindstaff*, 297 S.W.3d at 216 (quoting *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998)). Factual findings by the post-conviction court are conclusive on appeal unless the evidence preponderates against them. *Ward v. State*, 315 S.W.3d 461, 465 (Tenn. 2010). This court may not substitute its inferences for those drawn by the trial judge, and "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge." *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). Claims of ineffective assistance of counsel in post-conviction petitions are regarded as mixed questions of law and fact. *Grindstaff*, 297 S.W.3d at 216. Thus, our review is de novo with no presumption of correctness. *Pylant v. State*, 263 S.W.3d 854, 867-68 (Tenn. 2008) (citing *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007)).

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantees the accused the right to effective assistance of counsel. To prevail on a claim for ineffective assistance, a petitioner must prove "that counsel's performance was deficient and that the deficiency prejudiced the defense." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

To demonstrate deficiency, a petitioner must show "'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Felts v. State*, 354 S.W.3d 266, 276 (Tenn. 2011) (quoting *Strickland*, 466 U.S. at 687). A petitioner "'must show that counsel's representation fell below an objective standard of reasonableness' guided by 'professional norms' prevailing at the time of trial." *Id.* (quoting *Strickland*, 466 U.S. at 688) (internal quotations omitted). On review, counsel's performance is not to be measured by "20-20 hindsight." *Id.* at 277. Instead, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (citing *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999)). The court must presume that counsel's acts might be "'sound

trial strategy,'" and strategic decisions are "'virtually unchallengeable'" when made after a thorough investigation. *Id.* (quoting *Strickland*, 466 U.S. at 689).

To establish prejudice, "a petitioner must establish 'a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different.'" *Id.* (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. A petitioner must show that counsel's performance was so deficient that it deprived the petitioner "of a fair trial and called into question the reliability of the outcome." *Finch v. State*, 226 S.W.3d 307, 316 (Tenn. 2007) (citing *Burns*, 6 S.W.3d at 463). "Failure to establish either deficient performance or prejudice necessarily precludes relief." *Felts*, 354 S.W.3d at 276.

The Petitioner argues that trial counsel was ineffective by failing to file a motion to recuse the trial judge after the Petitioner filed a federal lawsuit, a complaint with the Board of Professional Responsibility, and a complaint with the Board of Judicial Conduct against the trial judge. The Petitioner argues that because trial counsel failed to file a motion, the trial judge was not able to make a determination as to whether the pending lawsuit and complaints impaired the trial judge's impartiality. The Petitioner further argues that an ordinary person in the trial judge's circumstances could find a reasonable basis to believe the judge was not impartial. The State disagrees.

The impartiality of judges has been "of fundamental importance to the administration of justice and the judicial system." *Smith v. State*, 357 S.W.3d 322, 339 (Tenn. 2011). Judges must be unprejudiced and unbiased if the public is to maintain confidence in the judicial system. *Id.* Thus, recusal of a trial judge "is warranted 'when a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *State v. Reid*, 213 S.W.3d 792, 815 (Tenn. 2006) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)).

It was not established at the post-conviction evidentiary hearing that either the trial counsel or the trial judge were aware of the filings prior to the Petitioner's jury trial. Although trial counsel acknowledged that it was possible he discussed the filings with the Petitioner prior to trial, trial counsel was not certain as to the timing of any such discussions. It was established, however, that trial counsel received a letter from the Petitioner after the trial, in which the Petitioner raised his concerns regarding the impartiality of the trial judge. The trial judge noted on the record that he was not aware of any federal suit because he was not served process and that he was never required to respond to any complaints with the Board of Professional Responsibility or the Board of Judicial Conduct.

- 5 -

Moreover, the filing of a suit against a trial judge is insufficient to mandate recusal. *See State v. Cedric Jones*, No. M2015-00720-CA-R3-CD, 2016 WL 3621513, at *8 (Tenn. Crim. App. June 29, 2016) (noting that "neither the trial court's adverse rulings nor the federal lawsuit against the judge are sufficient grounds to disqualify the judge"), *perm. app. denied* (Sep. 22, 2016); *State v. Antonio Freeman*, No. M2012-02691-CCA-10B-CD, 2013 WL 160664, at *4 (Tenn. Crim. App. Jan. 15, 2013) (holding that a trial judge properly denied a motion to recuse after the defendant filed a federal lawsuit against the trial judge); *State v. William Everett Chouinard*, No. 03-C-01-9310-CR00340, 1994 WL 318984, at *2 (Tenn. Crim. App. June 30, 1994) (holding that the trial court was correct in not recusing itself after the defendant filed a federal lawsuit against the trial judge); *State v. Parton*, 817 S.W.2d 28, 29-30 (Tenn. Crim. App. 1991) (upholding the denial of a motion to recuse after the appellant filed a grievance against the trial judge with the Court of the Judiciary and the Tennessee Supreme Court). Were this not the case, a criminal defendant could "automatically disqualify a judge by the filing of a frivolous suit and would set a dangerous precedent inviting additional frivolous litigation, manipulation of the judicial system, and forum shopping." *Antonio Freeman*, 2013 WL 160665, at *4.

Trial counsel, knowing that a motion to recuse a judge on such grounds would be unsuccessful, properly weighed the benefits of whether a motion requesting the recusal of the trial judge would be necessary and reasonably concluded that it was not. The Petitioner submitted no evidence at the post-conviction hearing that there was a valid reason to request recusal. Accordingly, the Petitioner has failed to establish that trial counsel was deficient in failing to file a motion to recuse. Because the Petitioner has failed to show deficiency, he is not entitled to relief and we need not reach the issue of prejudice. *See Felts*, 354 S.W.3d at 277. We conclude that trial counsel was not ineffective in failing to file a motion to recuse the trial judge in case numbers 12-CR-170 and 12-CR-172.

Although case number 12-CR-173 was listed in the Petitioner's petition for post-conviction relief, he does not allege that the plea was involuntary or otherwise challenge his guilty plea on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the post-conviction court's denial of the Petitioner's post-conviction petition.

_____
JOHN EVERETT WILLIAMS, JUDGE